# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
LETHA BARNES

**(b)** County of Residence of First Listed Plaintiff: ESCAMBIA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
RONNIE L. WILLIAMS, 251-432-6985, ron@williams-llc.com
WILLIAMS & ASSOCIATES, 814 ST. FRANCIS ST., MOBILE, AL 36602

## DEFENDANTS
VENZA CARE, INC. d/b/a LYNWOOD NURSING HOME

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- [X] 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**TORTS — PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**PRISONER PETITIONS — Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
TITLE VII of Civil Rights Act of 1964, as Amended, and 42 U.S.C. Section 1981 as amended

Brief description of cause:
Retaliatory failure to hire due to Plaintiff engaging in protected activity and discrimination based on age and race

## VII. REQUESTED IN COMPLAINT:
- ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- DEMAND $ 300,000.00
- CHECK YES only if demanded in complaint: JURY DEMAND: [X] Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):* JUDGE _____ DOCKET NUMBER _____

DATE: 10/15/2025
SIGNATURE OF ATTORNEY OF RECORD: s/Ronnie L. Williams

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44
Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a)  **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
 (b)  **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
 (c)  **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.  **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

III.  **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

IV.  **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

V.  **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI.  **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

VII.  **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.  **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LETHA BARNES,<br><br>    Plaintiff,<br>v.<br><br>VENZA CARE MANAZGEMENT, LLC; LYNWOOD REHABILITATION AND HEALTHCARE CENTER,<br><br>    Defendants. | CASE NO.: 2025 -<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Letha Barnes ("Ms. Barnes" or "Plaintiff"), by and through undersigned counsel, now set forth her complaint against Lynwood Rehabilitation and Healthcare Center ("Lynwood") and Venza Care Management, LLC ("Venza") (collectively, "Defendants") as follows:

### NATURE OF COMPLAINT

1. This is an action for race discrimination and retaliation in employment in violation of 42 U.S.C. § 1981, as amended by the Civil Rights Act of 1991.

2. Ms. Barnes is a Black registered nurse with approximately three decades of nursing home experience. Defendants denied her a promotion to Assistant Director of Nursing ("ADON") in favor of a less-experienced white nurse

1

with multiple no-call/no-show violations, demoted her the day after she complained internally about race discrimination, and terminated her approximately one month later without any legitimate explanation.

3. Defendants acted intentionally and with malice or reckless indifference to Ms. Barnes's federally protected rights.

## JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a) because Plaintiff asserts claims under 42 U.S.C. § 1981.

5. Venue is proper in the Southern District of Alabama under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred at Defendants' facility located within this District (Mobile Division).

6. The Court has personal jurisdiction over Lynwood Rehabilitation and Healthcare Center (a/k/a Lynwood Nursing Home) because it conducts business and committed the acts complained of in Alabama. The Court has personal jurisdiction over Venza Care because, upon information and belief, it purposefully directed activities in the Southern District of Alabama by managing, operating, controlling, and/or materially participating in employment decisions at Lynwood, thereby causing the injuries alleged herein.

## PARTIES

7. Plaintiff Letha Barnes is a resident of Alabama. At all relevant times she was employed at Defendants' skilled-nursing/long-term care facility commonly known as Lynwood Nursing Home located at 4164 Halls Mill Road, Mobile, AL 36693.

8. Defendant Lynwood Rehabilitation and Healthcare Center is, upon information and belief, an entity that owns and/or operates as a skilled nursing/long-term care facility in Mobile, Alabama.

9. Defendant Venza Care Management, LLC is, upon information and belief, a parent and/or management company that owns, manages, operates, and/or controls Lynwood. Venza maintains offices at 1700 Avenue of the States, Suite 402, Lakewood, New Jersey 08701. Venza exercised or shared control over personnel policies and decisions at Lynwood, including those affecting Ms. Barnes.

## FACTUAL ALLEGATIONS

10. At all relevant times, Defendants were joint employers of Ms. Barnes and/or operated as an integrated enterprise with interrelated operations, common management, centralized control of labor relations (including hiring, promotion, demotion, discipline, and termination), and common ownership or financial control.

3

11. Alternatively, Lynwood acted as agent of Venza, and Venza acted through Lynwood and its managers with respect to the employment decisions challenged herein. Each Defendant is liable for the acts and omissions of the other to the extent permitted by law.

12. Ms. Barnes is Black. She has approximately 30 years of nursing experience, including supervisory service.

13. Ms. Barnes began working at Lynwood on or about December 4, 2023, as a Registered Nurse Supervisor.

14. In late 2024 to early 2025, Defendants posted a vacancy in the position of Assistant Director of Nursing (ADON). Ms. Barnes applied and was well-qualified by virtue of her decades of experience and supervisory background.

15. Defendants selected Sage Grimes -a white subordinate of Ms. Barnes with approximately three (3) years' experience as a registered nurse- for the ADON position.

16. Ms. Grimes had a history of no-call/no-show attendance violations during the period she was supervised by Ms. Barnes.

17. On information and belief, Director of Nursing Joanne Depassa and Administrator Marcella Wilson participated in or made the ADON selection decision. Their decisions were made under the authority, policies, oversight, and/or approval of Venza.

18. On or about January 15, 2025, Ms. Barnes made a formal complaint of race discrimination to Venza regional manager Greg Wooten, identifying, among other things, the selection of a less qualified and less experienced white nurse (Ms. Grimes) with attendance problems, over Ms. Barnes for ADON vacancy and disparate treatment issues against Black employees generally within the Lynwood facility.

19. On or about January 16, 2025 - the very next day following Ms. Barnes written complaint of discrimination - Defendants demoted Ms. Barnes from her Registered Nurse Supervisor position.

20. Defendants' demotion of Ms. Barnes reduced Ms. Barnes' pay, responsibilities, and advancement opportunities, and followed immediately after her complaint of racial discrimination to Wooten.

21. On or about February 16, 2025, approximately one month after her complaint, Defendants terminated Ms. Barnes's employment.

22. Defendants provided no explanation for terminating Ms. Barnes.

23. Defendants also disparately disciplined Ms. Barnes during her tenure as an employee. For example, Ms. Barnes was disciplined for an attempted patient escape while a white supervisor, Allison Workman, was not disciplined following a completed patient escape that occurred under Workman's supervision.

24. After Ms. Grimes's selection for ADON, she was later elevated to

Director of Nursing (DON), reinforcing the disparate promotion trajectory afforded to white employees over Ms. Barnes.

25. The reasons, if any, proffered by Defendants for their actions are false and pretextual. Denying Ms. Barnes promotion in favor of a less qualified white nurse with attendance issues, demoting her the day after she engaged in protected activity, terminating her one month later, and treating white comparators more favorably in discipline demonstrate intentional race discrimination and retaliation.

26. As a direct and proximate result of Defendants' unlawful actions, Ms. Barnes has suffered lost wages and benefits, emotional distress, humiliation, inconvenience, loss of enjoyment of life, and other pecuniary and non-pecuniary damages. Ms. Barnes has taken reasonable steps to mitigate her damages and will continue to do so.

## COUNT I – RACE DISCRIMINATION
## (42 U.S.C. § 1981) – AGAINST ALL DEFENDANTS

27. Plaintiff re-alleges and incorporates by reference paragraphs 1–26.

28. Section 1981 guarantees all persons the same right to make and enforce contracts as is enjoyed by white citizens, including the making, performance, modification, and termination of employment contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

29. Defendants intentionally discriminated against Plaintiff because of her

6

race, including but not limited to: (a) denying her promotion to ADON; (b) demoting her from registered nurse supervisor to house nurse; (c) terminating her employment; and (d) imposing disparate discipline as compared to similarly situated white employees.

30. Defendants' discriminatory actions were taken with malice or reckless indifference to Plaintiff's federally protected rights, and as a direct and proximate result, Plaintiff suffered the damages as described above.

## COUNT II – RETALIATION
## (42 U.S.C. § 1981) – AGAINST ALL DEFENDANTS

31. Plaintiff re-alleges and incorporates by reference paragraphs 1–30.

32. Plaintiff engaged in protected activity under § 1981 when she opposed race discrimination, including making a formal complaint to Regional Manager Greg Wooten on or around January 15, 2025.

33. Causation and adverse actions: In temporal proximity to her protected activity, Defendants demoted Plaintiff the next day on January 16, 2025, and terminated her approximately one month later on February 16, 2025.

34. Defendants' actions would dissuade a reasonable employee from making or supporting complaints of discrimination and were taken because of Plaintiff's protected activity.

35. Defendants' retaliatory conduct was willful and undertaken with

malice or reckless indifference to Plaintiff's rights, and as a direct and proximate result, Plaintiff suffered the damages described above.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and against Lynwood Rehabilitation and Healthcare Center and Venza Care Management, LLC, and award the following relief:

    A.    A declaration that Defendants violated 42 U.S.C. § 1981 by discriminating and retaliating against Plaintiff because of her race and protected activity;

    B.    Reinstatement to a position commensurate with her experience and seniority, or in the alternative, front pay;

    C.    Back pay and lost benefits from the date of termination to the date of judgment, with pre-judgment interest;

    D.    Compensatory damages for emotional distress and other non-pecuniary harm;

    E.    Punitive damages in an amount sufficient to punish and deter;

    F.    Attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

    G.    Such other and further relief as the Court deems just and proper.

Trial by Jury Demanded.                Respectfully submitted,

                                  /s/ Ronnie L. Williams
                                WILLIAMS & ASSOCIATES, LLC
                                Attorneys for Letha Barnes
                                814 St. Francis Street
                                Mobile, Alabama 36602
                                (251) 432-6985   ron@williams-llc.com